22-1482-cv
Alicea v. Yang

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> JOSÉ A. CABRANES,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Maria Alicea,

> *Plaintiff-Appellant,*

> v.                                                                 22-1482

David Haung Yang, Medical Doctor, Individual and Official Capacity, Shideh Imanian Parsa, Medical Doctor, Individual

and Official Capacity, Robben Levine, Registered Nurse, Individual and Official Capacity, Jenna Masiel, Registered Nurse, Individual and Official Capacity, Daniel Marchetti, Suing Individual and Official capacity, Bridgeport Hospital, It's Official capacity, Andrew Villabona, Suing Individual and Official capacity, Greg Marrinan, Individual and Official capacity, Kristen Glasgow, Individual and Official capacity, Madeleline K. Carroll, Individual and Official capacity,

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:            Maria Alicea, pro se, Bridgeport, CT.


FOR DEFENDANTS-APPELLEES:            Sandy Roussas, Stockman O'Connor Connors PLLC, Bridgeport, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Kari A. Dooley, *Judge*; Robert M. Spector, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

2

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Maria Alicea, proceeding pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 civil rights complaint. Alicea sued the defendants—Bridgeport Hospital and several of its employees—for violating her constitutional rights while involuntarily hospitalizing and medicating her. The district court dismissed her amended complaint because she failed to plead that the defendants were acting under color of state law and denied further leave to amend as futile. *See Alicea v. Yang*, No. 21-CV-1638 (KAD), 2022 WL 2527994, at *3–4 (D. Conn. July 7, 2022). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a dismissal for failure to state a claim de novo. *See Vengalattore v. Cornell Univ.*, 36 F.4th 87, 101 (2d Cir. 2022). In conducting this review, we assume all well-pleaded allegations in the operative complaint are true and draw every reasonable inference in the plaintiff's favor. *N.Y. Pet Welfare Ass'n, Inc. v.*

3

*City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).[1]   While pro se filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest," a pro se complaint must still state a "plausible claim for relief" to survive a Rule 12(b)(6) motion to dismiss.   *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam) (citation omitted).

We agree with the district court that Alicea's complaint, which was premised on constitutional violations by private parties, failed to demonstrate that the defendants were acting under color of state law.   *See* 42 U.S.C. § 1983; *Meadows*, 963 F.3d at 243.   As we have explained, state action "requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor."   *Meadows*, 963 F.3d at 243 (internal quotation marks, alterations, and emphasis omitted).   As a result, a § 1983 claim against a private actor will usually fail because private actors do not

---

[1] Like the district court, we reviewed the factual allegations in Alicea's motion papers and attachments to better understand the context of the allegations in the complaint.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Alicea*, 2022 WL 2527994, at *1 n.1 (citing *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

4

act under the color of state law, no matter how "discriminatory or wrongful" their conduct might be.   *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Alicea did not allege that the defendants were state actors and does not press any meaningful argument to that end on appeal.   *See also* Yale New Haven Health, *Hospital Overview*, https://www.bridgeporthospital.org/about/hospital-overview ("Bridgeport Hospital is a private, not-for-profit acute care hospital[.]") (last visited August 25, 2023).   Instead, she focuses on the severity and illegality of the defendants' misconduct.   But even egregious acts cannot form the basis of a § 1983 claim unless the defendant is also acting under color of state law.

Although there are several ways in which a private defendant might act under color of state law, Alicea does not suggest they apply here.   *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (explaining that arguments not in the briefs are generally forfeited and will not be considered).   In any event, the facts pleaded would not satisfy the relevant three tests, which look to whether the complained-of conduct was compelled by the state, the product of a "close nexus" with the state, or the kind of conduct that is traditionally the exclusive prerogative of the state.   *McGugan v. Aldana-Barrier*, 752 F.3d 224, 229

5

(2d Cir. 2014).

In *McGugan*, we determined that a private hospital was not engaged in state action for purposes of § 1983 when it forcibly medicated a plaintiff—an action permitted, but not compelled, by state law. *See id.* at 229–31. We have found state action, by contrast, when private hospitals acted in ways that were required by statute or regulation. *See, e.g.*, *Barrows v. Becerra*, 24 F.4th 116, 135–39 (2d Cir. 2022); *Kia P. v. McIntyre*, 235 F.3d 749, 756–57 (2d Cir. 2000) (observing that hospital acting "as part of the reporting and enforcement machinery for . . . a government agency charged with detection and prevention of child abuse and neglect" was a state actor, but that those actions had no effect). While the defendants concede that they made use of a Connecticut statute providing for involuntary hospitalization, the statute did not compel them to do so—resembling more the lack of state action in *McGugan* than the presence of state action in *Barrows*. We also squarely held in *McGugan* that a private hospital's involuntary hospitalization of a patient is not "traditionally [] within the exclusive prerogative of the state" for purposes of a public-function analysis. 752 F.3d at 231.

Finally, while Alicea seems to argue, for the first time on appeal, that there

was a conspiracy between the defendants and local police to hold her against her will—an argument we also need not consider, *see Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.")—a "merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citing *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)). Alicea's only relevant allegation is that the police informed the defendants of her condition, not that they suggested that she be involuntarily hospitalized. Accordingly, Alicea cannot satisfy the state action requirement based on such a claim.

Accordingly, the district court correctly dismissed her complaint. Doing so with prejudice was also proper; Alicea had already amended her complaint once after being put on notice of the state-action defect by the magistrate judge, and the district court did not abuse its discretion in deciding that further amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Our decision is narrow. We have not decided that the defendants acted

properly, and we do not reach whether Alicea could have pleaded claims under other causes of action.   We conclude only that under the circumstances here, these defendants—a private hospital and its employees—are not susceptible to suit under § 1983.

We have considered all of Alicea's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] The Clerk is directed to seal Alicea's brief, 2d Cir. 22-1482, doc. 45.   *See* Fed. R. App. P. 25(a)(5) (incorporating Fed. R. Civ. P. 5.2, which requires redaction of full dates of birth).